### 77532. BENNETT et al. v. BEAN.
(377 SE2d 534)

BANKE, Presiding Judge.

This appeal follows the return of a verdict for the defendant in an action to recover for property damage arising from an automobile collision.

Defendant Bean agreed to perform body repair work on a Mazda automobile belonging to Bennett. Under the terms of their oral agreement, Bean was to attempt to sell the vehicle for a minimum price of $2,700 after completing the repairs and was authorized to retain any proceeds received in excess of that amount. In the event he was unable to procure a purchaser within 30 days, the car was to be returned to Bennett, who would then pay Bean an unspecified amount for the repairs.

Approximately three weeks after taking delivery of the car, Bean began drinking beer at his body shop and continued to do so "all evening" until 11:00 p.m., when he left the shop driving Bennett's Mazda. By his own admission, he thereupon "fell asleep" at the wheel and collided with a parked car, causing $6,595 in damage to the

Mazda.

The vehicle was insured under an automobile insurance policy issued to Bennett by Chicago Insurance Company, which paid policy benefits to Bennett in the amount of $5,602.50 and then brought the present action against Bean seeking subrogation damages. Bennett is also named as a plaintiff in the action.

1. The appellant-plaintiffs contend that the trial court erred in denying their motion for new trial on the general grounds. See generally OCGA §§ 5-5-20; 5-5-21. The complaint alleged that a bailment had been created when the vehicle was entrusted to Bean and that, by operating the vehicle in a negligent and careless manner, Bean had thereafter violated his duty to exercise reasonable care and diligence in protecting the bailed property. See OCGA §§ 40-12-40; 44-12-43. The evidence introduced at trial supported these allegations without dispute. Consequently, the verdict is contrary to the evidence, and the trial court erred in denying the motion for new trial.

2. A review of the charge to the jury in its entirety reveals that it was not misleading. See generally *Davis v. MARTA*, 186 Ga. App. 366 (367 SE2d 885) (1988).

*Judgment reversed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 3, 1989.

*Stephen H. Harris*, for appellants.
*Grady K. Reddick*, for appellee.